IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| TIMOTHY MAY, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 4:13-CV-337-A |
| | § | |
| WILLIAM STEPHENS, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM OPINION**
**and**
**ORDER**

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Timothy May, a state prisoner confined in the Correctional institutions Division of the Texas Department of Criminal Justice (TDCJ), against William Stephens, Director of TDCJ, respondent. After having considered the pleadings, state court records, and relief sought by petitioner, the court has concluded that the petition should be denied.

I. Factual and Procedural History

In February 2010 petitioner was charged by indictment in Hood County, Texas, with felony driving while intoxicated (DWI). The indictment alleged, in relevant part, that—

> on or before the 15th day of June, 2009, and before the presentment of this indictment, in Hood County, Texas, TIMOTHY ERNEST MAY, Defendant, did then and there drive and operate a motor vehicle in a public place, to wit: a public road and highway; while the

said defendant was intoxicated,

and it is further presented in and to said Court that prior to the commission of the aforesaid offense by the said TIMOTHY ERNEST MAY, on the 11th day of September, 1996,[1] in the County Court At Law of Ellis County, Texas, in cause number 94-10713, the said TIMOTHY ERNEST MAY was convicted of the offense of driving while intoxicated;

and it is further presented in and to said Court that prior to the commission of the aforesaid offense by the said TIMOTHY ERNEST MAY, on the 13th day of November, 1992, in the Criminal Court No. 10 of Tarrant County, Texas, in cause number 493757, the said TIMOTHY ERNEST MAY was convicted of the offense of driving while intoxicated;

and said convictions became final prior to the commission of the aforesaid offense; . . . .

State Habeas R. 81-82, ECF No. 18-4. The indictment also included enhancement and habitual-offender allegations. *Id.*

The Second District Court of Appeals of Texas set forth the factual and procedural background of the case as follows:

On June 15, 2009, May drove off after rear-ending another vehicle and then, after being stopped for an unrelated incident, drove away instead of exiting the vehicle as requested by the officer who stopped him. The officer chased him, and his pursuit ended after May rolled his vehicle, a white Kia Sorento bearing Texas license plate number NGY 203.

May was charged in cause number CR11479 . . . with

---

[1] Petitioner actually pleaded guilty, was found guilty, and was placed on probation for two years in cause number 94-10713 on April 18, 1994. RR, vol. 5, State's Ex. 9, ECF No. 17-1. His probation was revoked on September 11, 1996. *Id.* To avoid confusion, the conviction is referred to herein as petitioner's 1996 conviction.

2

> committing felony DWI after having been previously convicted of DWI in 1992 and again in 1996, and he stipulated to his two prior DWI convictions. May was charged in cause number CR11362 . . . with committing evading arrest using a vehicle. Both indictments contained an enhancement paragraph and a habitual count, and the State filed deadly weapon notices in both causes regarding the use of a "white Kia Sorento bearing Texas license plate number NGY 203." May pleaded not guilty to the charges, but the jury found May guilty of both charges. The jury also found in both causes that the white Kia Sorento was a deadly weapon used during the commission of the offenses. May pleaded true to the enhancement paragraph and habitual count in each case, and the jury found these allegations true and assessed May's punishment at seventy-five years' confinement in each cause.

Mem. Op.2-3, ECF No. 13-3.

The appellate court affirmed the trial court's judgment, and, in turn, on December 14, 2011, the Texas Court of Criminal Appeals refused petitioner's petitions for discretionary review. PDR Nos. 1217-11 & 1218-11. Petitioner also filed two postconviction state habeas applications, one for each conviction. SH1 cover, ECF No. 18-1; SH2 cover, ECF No. 18-4. The state habeas judge, who also presided over petitioner's trial, found that there were "no controverted, previously unresolved issues of fact material to the legality of Petitioner's conviction" and recommended the applications be denied. SH1 46, ECF No. 18-1; SH2 78, ECF No. 18-4. The applications were forwarded to the Court of Criminal Appeals,

which denied the applications without written order. In this federal petition, petitioner challenges only his conviction and sentence in his felony DWI case; thus, the legal discussion below applies solely to that conviction. Pet. 2, ECF No. 1.

## II. Issues

Petitioner raises four grounds for habeas relief, which are construed as follows:

(1) his stipulation to two prior DWI convictions was coerced and based on a non-existing prior DWI;

(2) his 75-year sentence is illegal because the 1996 Ellis County conviction in cause number 94-10713 was 13 years old in 2009 and because the 1992 Tarrant County conviction in cause number 493757 does not exist;

(3) his rights under the Confrontation Clause were violated because the person who drew his blood in the hospital did not testify as to his findings and test results; and

(4) he is actually innocent of felony DWI because he has only one prior DWI conviction.

Pet. 6-7, ECF No. 1.

## III. Rule 5 Statement

Respondent believes that Petitioner has exhausted his state court remedies on the claims presented as required by 28 U.S.C. § 2254(b)(1)(a) and that the petition was filed in a timely manner in accordance with 28 U.S.C. § 2244(d). Resp't's Ans. 4, ECF No.

21.

IV. Legal Standard for Granting Habeas Corpus Relief

A § 2254 habeas petition is governed by the heightened standard of review provided for in the Anti-Terrorism and Effective Death Penalty Act (AEDPA). 28 U.S.C. § 2254. Under the Act, a writ of habeas corpus should be granted only if a state court arrives at a decision that is contrary to or an unreasonable application of clearly established Supreme Court precedent or that is based on an unreasonable determination of the facts in light of the record before the state court. *Harrington v. Richter*, 131 S. Ct. 770, 785 (2011); 28 U.S.C. § 2254(d)(1)-(2). This standard is difficult to meet and "stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings." *Harrington*, 131 S. Ct. at 786.

Additionally, the statute requires that federal courts give great deference to a state court's factual findings. *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. This presumption of correctness applies to both explicit findings of fact and those findings of fact implicit in the state court's mixed-law-and-fact conclusions. *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001). The applicant has the burden of rebutting the

presumption of correctness by clear-and-convincing evidence. 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003); *Williams v. Taylor*, 529 U.S. 362, 399 (2000).

V.   Discussion

*1. Illegal Sentence*

Petitioner's first, second and fourth grounds involve the enhancement of his current misdemeanor DWI to felony status under former Texas Penal Code § 49.09(e). First, petitioner claims his stipulation to the prior 1992 and 1996 DWI convictions was coerced and rendered involuntary on the basis that the convictions could not be used to elevate his current DWI to felony status, and hence did not confer felony jurisdiction on the trial court, because they occurred more than ten years before the charged offense. Section 49.09(e) of the Texas Penal Code previously provided that a prior conviction could not be used for enhancement if the conviction was more than ten years old. *See* Act of May 29, 1993, 73rd Leg., R.S., ch. 900, § 1.01, 1993 Tex. Gen. Laws 3586, 3698; *see also* Act of May 29, 1995, 74th Leg., R.S., ch. 318, § 21, 1995 Tex. Gen. Laws 2734, 2743. In 2005, however, the state legislature repealed subsection (e) and eliminated the ten-year requirement effective September 1, 2005. *See* Act of May 27, 2005, 79th Leg., R.S., ch. 996, § 3, 2005 Tex.

Gen. Laws 3363, 3364.[2] Thus, after September 1, 2005, there was no longer a requirement that the prior convictions occur within ten years of the charged offense.

Second, petitioner claims that his 1992 conviction does not exist because no record of the conviction can be found in the Tarrant County records. He also directs the court to his driving record from the Texas Department of Public Safety, which does not reflect a 1992 DWI conviction, and a copy of the complaint in his Ellis County DWI case reflecting that he was charged with the offense of "DRIVING WHILE INTOXICATED **1ST**." SH5 Writ WR-78,394-02 33-35, ECF No. 18-4 (emphasis added). Under state law, a criminal defendant may stipulate to any fact or to any element of an offense. *Bryant v. State*, 187 S.W.3d 397, 400 (Tex. Crim. App. 2005). By stipulating to two prior convictions for DWI, a defendant waives any right to contest the absence of proof on the predicate convictions in the prosecution for felony DWI. *Smith v. State*, 158 S.W.3d 463, 465 (Tex. Crim. App. 2005).

---

[2]Section 49.09(b), in 2009 and now, provides in relevant part that "[a]n offense under Section 49.04 [which criminalizes DWI] . . . is a felony of the third degree if it is shown on the trial of the offense that the person has previously been convicted: . . . (2) two times of any other offense relating to the operating of a motor vehicle while intoxicated . . . ." TEX. PENAL CODE ANN. § 49.09(b) (West Supp. 2013).

7

Petitioner's "evidence" is not clear and convincing proof that his prior 1992 conviction did not occur or the state courts' implied findings that petitioner understood and agreed to the stipulation. RR, vol. 5, Stipulation, Ex. 19, ECF No. 17-1. Petitioner acknowledged in open court that he approved the stipulation and that it was "true and correct," and his trial attorney explained that the reason for the stipulation was to avoid introduction of damaging evidence. RR, vol. 2, 8-9, ECF No. 16-1. Moreover, even if petitioner had not stipulated to the prior convictions, the state had in its possession proof of their validity, which, in conjunction with fingerprint analysis, it could have presented during the guilt/innocence phase. RR, vol. 4, 13-14, ECF No. 16-2 & RR, vol. 5, Exs. 8 & 9, ECF No. 17-1; *Varnes v. State*, 63 S.W.3d 824, 834 (Tex. App.-Houston [14th Dist.] 2001, no pet.) ("It is well settled that a pen packet combined with fingerprint analysis linking the packet to the defendant is sufficient proof of prior convictions."); *Zimmer v. State*, 989 S.W.2d 48, 50 (Tex. App.-San Antonio (1998) (citing *Beck v. State*, 719, S.W.2d 205, 209 (Tex. Crim. App. 1986) ("A prior conviction alleged for enhancement purposes may be established by certified copies of a judgment and sentence and authenticated copies from the Texas Department of Corrections,

8

including fingerprints, supported by expert testimony matching them to the known prints of the defendant."). The stipulation merely relieved the state from presenting it.

Because grounds one and two are without merit, it necessarily follows that petitioner is not actually innocent of felony DWI on the basis of those grounds. Accordingly, petitioner is not entitled to habeas relief under his first, second and fourth grounds.

2. *Confrontation Clause*

Under his third ground, petitioner claims his right to confront witnesses against him was violated because the state did not call Stephen L. Rush, the person who drew his blood sample at the hospital and, instead, called Lindsay Hatfield, a forensic scientist with the Texas Department of Public Safety, to testify regarding his blood-alcohol level. Petitioner relies on the Supreme Court case in *Bullcoming v. New Mexico*, 131 S. Ct. 2705 (2011), in which the Supreme Court held that scientific reports could not be used as substantive evidence against a defendant unless the analyst who prepared and certified the report was subject to confrontation. 131 S. Ct. at 2713. Petitioner argues that because Hatfield neither drew the blood sample nor conducted

9

any tests on the sample, he was denied his right to confront Rush regarding "his findings and test results." Pet. 7, ECF No. 1.

However, in contrast to *Bullcoming*, Stephen L. Rush appears to be the admitting physician at the hospital, and nothing in the record indicates that Dr. Rush personally drew petitioner's blood sample or conducted tests on the sample. Further, an expert, such as Hatfield, may express opinions based on facts about which they lack personal knowledge or firsthand observation. *Williams v. Illinois*, 132 S. Ct. 2221, 2234 (2012); *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 592 (1993); *Barefoot v. Estelle*, 463 U.S. 880, 903 (1983). Accordingly, petitioner is not entitled to habeas relief under his third ground.

Petitioner has failed to demonstrate that the state courts' adjudication of his claims is contrary to or an unreasonable application of clearly established Supreme Court law or that the state courts' decision is based on an unreasonable determination of the facts in light of the record before the state courts.

For the reasons discussed herein,

The court ORDERS the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, denied. The court further ORDERS that a certificate of appealability be, and is hereby, denied, as petitioner has not

10

made a substantial showing of the denial of a constitutional right.

SIGNED October **29**, 2014.

/s/ John McBryde
_____
JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE